NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR RENE MOREJON-GUZMAN, | |
| Petitioner, | Civil Action No. 17-1511 (ES) |
| v. | MEMORANDUM OPINION |
| ERIC TAYLOR, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Oscar Rene Morejon-Guzman ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Etowah County Jail in Gadsden, Alabama. On February 24, 2017, while he was detained at Hudson County Correctional Facility in Kearny, New Jersey, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet.")).

2. Petitioner is a native and citizen of El Salvador who entered the United States in 2004, without inspection by border officers. (Pet. at 2). On October 30, 2015, Petitioner was arrested by the North Bergen Police Department for allegedly committing the following offenses: (1) theft by unlawful taking in violation of N.J.S.A. 2C:20-3(a); (2) false imprisonment in violation of N.J.S.A. 2C:13-3; (3) burglary by entering a structure in violation of N.J.S.A. 2C:18-2(a)(1); and (4) terroristic threats in violation of 2 N.J.S.A. C:12-3(b). (D.E. No. 4, Answer, Ex. A, Certified Administrative Record originally filed in Case 17-1447 in the United States Court of Appeals for

the Third Circuit ("C.A.R.") at 198-202). The charges against Petitioner were eventually dismissed. (*Id.* at 28-30).

3. On March 22, 2016, ICE took Petitioner into custody and served him with a Notice to Appear in removal proceedings, which charged that Petitioner is removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." (*Id.* at 305-08). On July 7, 2016, after a bond hearing was held, an Immigration Judge ("IJ") issued an Order denying Petitioner's request for a change in custody status. (D.E. No. 4, Answer, Ex. B, IJ Custody Order, July 7, 2016; D.E. No. 8, Respondent's Supplemental Answer ("Supp. Ans.") at 2). The IJ found that Petitioner failed to establish that he is not a flight risk and/or a danger to the community. (*Id.*).

4. On October 17, 2016, the IJ conducted a merits hearing in Petitioner's removal proceedings. (C.A.R. at 115-76). The IJ denied Petitioner's requests for relief and ordered him returned to El Salvador. (*Id.* at 84, 172-73). Also on that date, the IJ denied Petitioner's request for a change in custody status. (*See* Supp. Ans., Ex. 1, IJ Custody Order, October 17, 2016). Petitioner filed an appeal of the IJ's denial regarding bond with the Board of Immigration Appeals ("BIA") on December 19, 2016, which the BIA dismissed as untimely on January 31, 2017. (D.E. No. 4, Answer, Ex. C, Decision of the BIA dated January 31, 2017). Petitioner also appealed the IJ's decision on the merits, and on February 17, 2017, the BIA dismissed that appeal. (C.A.R. at 1-3). On February 27, 2017, Petitioner filed an appeal of the BIA's dismissal with the U.S. Court of Appeals for the Third Circuit. *See Morejon-Guzman v. Att'y Gen. of the U.S.*, No. 17-1447 (3d Cir. 2017). On November 14, 2017, the Third Circuit granted Petitioner's Motion for a Full Remand and New Removal Hearing. (*See id.*).

5. On February 24, 2017, Petitioner filed the instant Petition for a Writ of Habeas Corpus in this Court. Petitioner argues that he has "been detained since March 24th, 2016, without a bond hearing even though the charges relied on for the detention has been dismissed. Because of the denial of due process in the initial hearings before the immigration court, a *Joseph* hearing was not accorded to the petitioner in order to challenge the charges in the Notice to Appear." (Pet. at 5). Petitioner requests that this Court "direct the Immigration court to conduct a *Joseph* hearing prior to the bond hearing to determine whether there is sufficient grounds to even detain in the first place and if so before proceeding to a bond hearing." (*Id.* at 6).

6. In the Answer, Respondent acknowledges that Petitioner has been in immigration custody since March 2016, but argues that because Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and has received two bond hearings during that time, this Court cannot provide Petitioner with any relief. (Answer at 4).

7. In his Reply, Petitioner appears to concede that he has had a bond hearing but argues that his circumstances have changed, entitling him to a bond redetermination under 8 C.F.R. § 1003.19(e). (D.E. No. 5, Reply at 2-4). Petitioner also amends his request for relief; he is now requesting that the Court remand the case to the IJ to conduct a bond redetermination, or deny the Petition without prejudice to allow Petitioner to request bond redetermination from the IJ. (*Id.* at 4).

8. Both Petitioner and Respondent appear to now agree that Petitioner is detained pursuant to the discretionary detention statute, 8 U.S.C. § 1226(a), and that Petitioner has received a bond hearing while in custody. Both parties also appear to agree that Petitioner is permitted to seek a bond redetermination by the IJ pursuant to 8 C.F.R. § 1003.19(e) based on changed circumstances and to file an appeal to the BIA if necessary.

9. In light of those facts, the Court will grant Petitioner's request for alternative relief and deny the Petition without prejudice so he may seek bond redetermination. An appropriate Order follows this Memorandum Opinion.

>*s/ Esther Salas*
>**Esther Salas, U.S.D.J.**